```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF OREGON
                         PORTLAND DIVISION

LISA STEELE,                    )
                                )
                Plaintiff,      )    No. 03:09-cv-01176-HU
                                )
vs.                             )    FINDINGS & RECOMMENDATION
                                )    ON MOTION FOR ATTORNEY FEES
MICHAEL J. ASTRUE,              )    UNDER THE EQUAL ACCESS TO
Commissioner of Social Security,)            JUSTICE ACT
                                )
                Defendant.      )
                                _____
```

Tim D. Wilborn
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR 97045

    Attorney for Plaintiff

Adrian L. Brown
Assistant United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Willy M. Le
Special Assistant United States Attorney
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - CV-09-1176 FINDINGS & RECOMMENDATION

HUBEL, Magistrate Judge

The plaintiff Lisa Steele brought this action for judicial review of the Commissioner's decision to deny her disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, and Supplemental Security Income under Title XVI of the Act. In Findings and Recommendation entered November 17, 2010, the undersigned recommended that the Commissioner's decision be reversed and the case be remanded for further proceedings. Dkt. #16. Neither party filed objections, and on February 4, 2011, Judge Anna J. Brown accepted my recommendation and remanded the case for further proceedings. Dkt. #18. Judgment was entered the same day. Dkt. #19.

The plaintiff now moves for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), in the amount of $5,005.74. After negotiations with the defendant, the parties have stipulated to this amount as a compromise settlement. *See* Dkt. #20. For the reasons set forth below, I recommend the motion be granted.

EAJA requires an award of attorney's fees to a prevailing plaintiff in a Social Security appeal, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d). In the present case, based on my previous finding that the Administrative Law Judge erred in his evaluation of the evidence, I conclude that the defendant's position was not substantially justified, and thus an award of EAJA fees is appropriate.

2 - CV-09-1176 FINDINGS & RECOMMENDATION

Determining that a plaintiff is a "prevailing party" for purposes of an entitlement to EAJA fees is only the first step in considering a motion for EAJA fees. "It remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). The *Hensley* court observed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *id.*, which calculation results in a "lodestar." *Webb v. Ada County, Idaho*, 195 F.3d 524, 527 (9th Cir. 1999) (citing *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)). The lodestar may be adjusted to reflect the results obtained in the case. *Id.* (citing *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995)). The district court enjoys "considerable discretion . . . in determining what attorney's fee is reasonable." *Id.*

The court first will look at "the number of hours reasonably expended on the litigation." *Hensley, supra*. The time records submitted with the plaintiff's motion indicate that attorney Tim Wilborn expended 13.9 hours in this case (5.2 hours in 2009; 7.0 hours in 2010; and 1.7 hours in 2011); and co-counsel Betsy Stephens expended 14.75 hours in the case (all in 2010); for a total of 28.65 hours for both lawyers. Preliminarily, the court notes that an expenditure of 28.65 hours falls within the twenty to forty hour range Judge Michael W. Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (noting "some consensus among the district

3 - CV-09-1176 FINDINGS & RECOMMENDATION

courts" on this point; citing cases). Judge Mosman agreed that "[a]bsent unusual circumstances or complexity, . . . this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." *Id.*

In the present case, the administrative record was 422 pages long. The plaintiff's opening brief was 20 pages long and raised six issues, at least one of which was somewhat unique (i.e., determination of eligibility for DI benefits when a claimant has a felony conviction). In addition, the plaintiff attached 12 pages of the administrative record that had been omitted by the Agency. After review of the Commissioner's 20-page brief, the plaintiff filed an eight-page reply. The attorneys' time records indicate the time expended by counsel in this case was reasonable. None of the entries represent clerical or secretarial tasks not payable under EAJA. *See, e.g.*, *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) (noting that "[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees"). In addition, counsel's work did not overlap and they have not billed for duplicate time spent on the same tasks. Although both co-counsel worked on the plaintiff's opening and reply briefs, the total time spent preparing the briefs was reasonable and appropriate (i.e., a total of 14 hours on the opening brief, and a total of 5.7 hours on the reply brief). I therefore conclude that the total attorney time of 28.65 hours is reasonable under the circumstances.

In considering the applicable hourly rate, the statute itself sets a $125 per hour ceiling[1] "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for the cost of living, the Ninth Circuit applies the national Consumer Price Index for All Urban Consumers (the "CPI-U"), not seasonally adjusted, and applying the "all items" index. *Jones v. Espy*, 10 F.3d 690, 692-93 (9th Cir. 1993). The cost-of-living increase is "calculated by multiplying the $125 statutory maximum hourly rate by the . . . CPI-U for the years in which the attorney's work was performed and dividing by the CPI-U figure for March 1996 (155.7), the effective date of the statutory maximum hourly rate." *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005)).

The EAJA-adjusted hourly rate for 2009 is $172.24[2]; for 2010 is $175.06[3]; and for 2011 is $179.41[4]. Multiplying counsels' hours for the respective years results in attorney fees of $895.65 for 2009 (5.2 hours x $172.24); $3,807.56 for 2010 (21.75 hours x $175.06); and $305.00 for 2011 (1.7 x $179.41); for a total of $5,008.21 for all three years. This amount is slightly more than the $5,005.74 to which the parties have stipulated. *See* Dkt. #21.

---

[1] Congress raised the rate for EAJA fees from $75 to $125 per hour in 1996. The CPI-U index, all items, not seasonally adjusted for 1996, was 155.7.

[2] $125 x (2009 annual index of 214.537/155.7) = $172.24.

[3] $125 x (2010 annual index of 218.056/155.7) = $175.06.

[4] $125 x (2011 index for March, the most recently-available month, of 223.467/155.7) = $179.41.

5 - CV-09-1176 FINDINGS & RECOMMENDATION

Accordingly, I recommend that the plaintiff's motion for EAJA fees in the amount of $5,005.74 (Dkt. #20) be granted, and the plaintiff be awarded attorneys' fees in that amount.

### *SCHEDULING ORDER*

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due **July 19, 2011**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due by **August 5, 2011**. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 1st day of July, 2011.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge